IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COX, | NO. CIV.S-04-0065 MCE DAD DP |
| Petitioner, | ORDER RE PETITIONER'S MOTION FOR |
| v. | <u>STAY AND ABEYANCE</u> |
| STEVEN ORNOSKI, Warden of the California State Prison at San Quentin, | **DEATH PENALTY CASE** |
| Respondent. | |

On January 30, 2006, this action came before the undersigned for hearing on petitioner's motion for an order holding these proceedings in abeyance pending exhaustion of claims before the California Supreme Court. Assistant Federal Defenders Timothy J. Foley and Lissa J. Gardner, appeared for petitioner. Deputy Attorney General R. Todd Marshall, appeared for respondent.

On June 28, 2005, petitioner filed a mixed habeas petition with this court setting forth fifty-three claims for relief. Immediately thereafter, on June 30, 2005, counsel on behalf of

1

petitioner filed a petition with the California Supreme Court seeking relief with respect to twenty claims, all of which are included in the federal petition before this court.  See In re Cox, Case No. S135128.  Petitioner now seeks a stay and order holding all proceedings in this case in abeyance pending resolution of the exhaustion petition by the California Supreme Court.

Petitioner argues that he is entitled to the requested stay pursuant to the decision in Rhines v. Weber, 544 U.S. 269 (2005).  He asserts that a stay should be granted because: (1) good cause exists with respect to his filing of the state exhaustion petition; (2) his unexhausted claims are potentially meritorious; and (3) he has proceeded with due diligence in light of the complexity of the record and issues involved and his allegations of newly discovered evidence suppressed by the prosecution below.  Respondent opposes the motion arguing that: (1) petitioner has failed to establish good cause for his delayed filing of the state exhaustion petition; and (2) the new unexhausted claims presented by petitioner are plainly meritless.  Respondent's arguments are persuasive.

The Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v.

1 United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.
2 1998).  This discretion to issue a stay extends to mixed petitions.
3 Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded
4 that a district court has discretion to stay a mixed petition to
5 allow a petitioner time to return to state court to present
6 unexhausted claims.").  The Supreme Court has stated that "stay and
7 abeyance should be available only in limited circumstances" and that
8 a stay "is only appropriate when the district court determines there
9 is good cause for the petitioner's failure to exhaust his claims
10 first in state court."  Rhines, 544 U.S. at 277.  Even if a
11 petitioner shows good cause, the district court should not grant a
12 stay if the unexhausted claims are plainly meritless.  Id.  Finally,
13 federal proceedings may not be stayed indefinitely, and reasonable
14 time limits must be imposed on a petitioner's return to state court
15 to exhaust additional claims.  Id. at 277-78.  However, the Supreme
16 Court also observed that where these criteria are met, it likely
17 would be an abuse of discretion to deny a stay.  Id. at 278.

18         Counsel was first appointed to represent petitioner in this
19 federal habeas action on March 23, 2004.  At that time the court
20 appointed the Office of the Federal Defender, Capital Habeas Unit, as
21 lead counsel and an outside associate counsel who was to share
22 substantial responsibility in this matter.  On June 22, 2004, it was
23 learned for the first time by the Office of the Federal Defender that
24 the appointed associate counsel had been placed on probation and
25 suspended from the practice of law for sixty days by the California
26 Supreme Court.  On July 8, 2004, this court signed an order relieving

associate counsel and naming the Federal Defender's Office as the sole counsel in this matter. On July 29, 2004, the Federal Defender's Office received the relieved counsel's file and learned that, despite the representations to the contrary, no transferrable work product existed. The state court post-conviction record alone is over 17,000 pages long.

Counsel for petitioner represent to the court that their investigation and preparation following their appointment yielded discovery for the first time of documentary evidence material to the underlying prosecution of petitioner that was never disclosed to petitioner's trial counsel. This newly discovered evidence included a police report documenting a prior false rape allegation by the crucial prosecution witness in petitioner's case as well as impeachment evidence with respect to two other important prosecution witnesses. This newly discovered, and long-suppressed according to petitioner's counsel, evidence underlies the first three unexhausted claims now being presented to the California Supreme Court. In turn, the presentation of these new claims alleging violation of Brady v. Maryland, 373 U.S. 83 (1963) required the re-submission of the other claims to the California Supreme Court so that the state court could consider them within the added context of the new suppression of evidence claims.

Certainly the suppression of material evidence at trial and thereafter, as well as difficulties associated with the obtaining of counsel in capital cases are external circumstances far outside petitioner's control. If true, the allegations would establish good

cause for failing to present these claims first to the state courts once they were discovered. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (authorizing protective habeas filings in federal court as falling within the "good cause" standard).

Similarly, petitioner's new unexhausted claims are based upon serious allegations of the suppression of material evidence by the prosecution at trial.  It cannot be said that such claims are plainly meritless on their face.  Most of respondent's arguments in this regard are devoted to the assertion that petitioner's unexhausted claims are procedurally defaulted as successive and untimely under state law.  However, under principles of comity, those are issues to first be addressed by the state court.  Moreover, under state law the California Supreme Court is free to entertain the exhaustion petition.

Finally, no serious argument is raised that petitioner or his counsel are engaging in dilatory tactics seeking to delay this federal action by filing the state exhaustion petition.  Moreover, the record would belie such an argument.  Counsel filed the state exhaustion petition with the California Supreme Court immediately after the mixed petition was filed in this court.  Pursuant to the California Supreme Court's order, respondent filed a lengthy Informal Response on December 14, 2005.  By March 3, 2006, petitioner counsel had lodged their 124-page Reply with that court.  Since that time the parties have been awaiting action from the California Supreme Court. If petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interest of judicial economy as

well as the interests of justice.  If relief is denied, counsel for petitioner has assured the court they are prepared to resume the federal litigation.  There is no reason to doubt those assurances.

For the reasons set forth above, the court concludes that petitioner's interest in obtaining federal review of his unexhausted claims outweighs any competing interest in finality and the speedy resolution of the pending federal petition.  See Rhines, 544 U.S. at 278.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay and abeyance is granted;
2. This action is stayed;
3. The Clerk of the Court is directed to administratively close this case;
4. Petitioner shall file a status report on the first court day of every second month commencing with November 1, 2006, concerning the status of his habeas proceedings before the California Supreme Court; and
5. Petitioner shall file a motion to lift the stay, within **ten days** after receiving a decision on his habeas petition before the California Supreme Court; the status reports and, motion to lift the stay shall reflect the case file number assigned to this case.

DATED: September 29, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
ddad1/orders.capital/cox.0065.sty

6