IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. COX,

    Petitioner,                   No. CIV S-04-0065 MCE CKD

    vs.                                DEATH PENALTY CASE

WARDEN, San Quentin State Prison,

    Respondent.                 <u>ORDER</u>

_____/

        On January 18, 2012, the undersigned heard argument on petitioner's motion for discovery and held a scheduling conference. Lissa Gardner and Timothy Foley appeared for petitioner. Todd Marshall appeared for respondent. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, the court finds and orders as follows.

        During the course of the state habeas proceedings, the California Supreme Court appointed retired Superior Court Judge Bill Dozier to take evidence and make findings of fact on several questions raised by petitioner's claims. <u>People v. Cox</u>, No. S004703 (Cal. Sup. Ct. Aug.

\\\\\

\\\\\

1

2, 1991[1]). Petitioner moves for leave to discover the testimonial notes of Judge Dozier. It appears that Judge Dozier relied upon these notes, rather than the transcript of the evidentiary hearings, to render his findings of fact.

The parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6, Rules Governing § 2254 Cases. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

To succeed on a federal habeas claim, petitioner must first meet one of the standards of 28 U.S.C. § 2254(d). Petitioner satisfies section 2254(d) by showing the state court's adjudication of the claim on the merits either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A petitioner may be able to satisfy section (d)(2) if he shows "the process employed by the state court is defective." Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004).

Last year, the United States Supreme Court held that the federal court's review under section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The Court's holding did not directly apply to review under section 2254(d)(2). However, the Court's decision

---

[1] The Court expanded the scope of the reference hearing in an order dated September 7, 1994.

1  references the fact that the language of subsection (d)(2) specifically limits review to the state
2  court record.² In the present case, the California Supreme Court is the court that adjudicated
3  petitioner's claims on the merits. Accordingly, to determine whether petitioner satisfies section
4  2254(d)(1) or section 2254(d)(2), this court is limited to the record that was available to the
5  California Supreme Court. Judge Dozier's testimonial notes were not available to the California
6  Supreme Court. Petitioner has provided no authority for the proposition that this court may
7  consider material that was not available to the California Supreme Court in making a
8  determination under 28 U.S.C. § 2254(d). Accordingly, petitioner has not given this court
9  "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is
10 . . . entitled to relief." Bracy, 520 U.S. at 908-09. Moreover, as a practical matter, this court does
11 not find the notes relevant to a determination under 28 U.S.C. § 2254(d). The California
12 Supreme Court's decision is either supported by the law and the facts, including the facts
13 developed at the reference hearing, or it is not. The transcript and exhibits from the reference
14 hearing are available to both parties to make these arguments. Petitioner has not demonstrated
15 good cause to discover Judge Dozier's notes.
16         With respect to scheduling, the court concludes that the next step in these
17 proceedings is the resolution of any exhaustion issues.
18 \\\\\
19 \\\\\
20 \\\\\

---

22    ² The Court in Pinholster described (d)(2) review as limited to the state court record: "Pinholster and Justice SOTOMAYOR place great weight on the fact that § 2254(d)(2) includes the language 'in light of the evidence presented in the State court proceeding,' whereas § 2254(d)(1) does not. The additional clarity of § 2254(d)(2) on this point, however, does not detract from our view that §2254(d)(1) also is plainly limited to the state-court record." 131 S. Ct. at 1400 n. 7. Courts to have considered this issue since Pinholster agree that the limitation of review to the state court record also applies to review under section 2254(d)(2). E.g., Light-Roth v. Sinclair, No. C11-0313-JCC, 2011 WL 7020919, at *8 n.3 (W.D. Wash. Nov. 2, 2011); Coddington v. Cullen, No. CIV S 01-1290 KJM GGH, 2011 WL 2118855, at **1-2 (E.D. Cal. May 27, 2011).

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's October 31, 2011 Motion for Discovery is denied.

2. By February 18, 2012, the parties shall meet and confer regarding respondent's identification of unexhausted claims or subclaims in the petition.

3. By March 3, 2012, the parties shall file a joint statement with the following information:

   a. Identification of each claim or subclaim which respondent contends is unexhausted.

   b. For each identified claim or subclaim, a complete statement of each party's position, including citations to the record and, if necessary, legal argument. The parties shall not refer back to argument they made in prior filings with this court.

4. After receipt of the parties' joint statement, the court will determine whether oral argument is necessary on any exhaustion issues.

Dated: January 18, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

cox disco.or