1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL A. COX,

11              Petitioner,              No. CIV S-04-0065 MCE CKD

12        vs.                           DEATH PENALTY CASE

13   WARDEN, San Quentin
       State Prison,
14
                Respondent.             FINDINGS & RECOMMENDATIONS
15
     _____/
16

17              As directed in the court's January 19, 2012 order, the parties submitted a joint

18   statement addressing respondent's assertion that twenty one claims in the petition are not

19   exhausted.  (Dkt. Nos. 110, 113.)   After considering petitioner's position, respondent withdraws

20   any exhaustion-based objections to six claims.  (Dkt. No. 113 at 1:15-16.)  He maintains that all

21   or portions of claims 1, 22, 23, 24, 25, 26, 27, 28, 31, 32, 33, 34, 35, 39, and 49 are unexhausted.[1]

22   After reviewing the parties' joint statement, this court finds oral argument unnecessary and

23   makes the following findings and recommendations.

24   ////

25   _____

26        [1]  Respondent also alleges that some claims are procedurally barred.  The parties were
     ordered to address, and this court renders recommendations on, only the exhaustion issues.

1                                    LEGAL STANDARDS

2            The exhaustion of available state remedies is a prerequisite to a federal court's

3    consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy,

4    455 U.S. 509 (1982); Carothers v. Rhay, 594 F.2d 225 (9th Cir. 1979); 28 U.S.C. § 2254(b).  The

5    exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts

6    the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404

7    U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion requirement by providing the highest

8    state court with an opportunity to rule on the merits of the claim.  Batchelor v. Cupp, 693 F.2d

9    859, 862 (9th Cir. 1982).

10           The state court has an opportunity to rule on the merits when the petitioner fairly

11   presents the claim to that court.  Picard, 404 U.S. at 275.  The fair presentation requirement is

12   met where the petitioner has described the "operative facts and the federal legal theory on which

13   his claim is based."  Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).  The state claim need

14   not be identical to the federal claim.  Picard, 404 U.S. at 277-78.  Exhaustion requires only that

15   the substance of the federal claim be fairly presented.  Id. at 278.

16           A federal court claim may require exhaustion because it contains either legal

17   arguments or factual allegations not raised in the state court.  If the petitioner did not fairly

18   present the legal basis for the claim to the state court, it is unexhausted.  Generally, it is "not

19   enough that all the facts necessary to support the federal claim were before the state courts . . . or

20   that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982);

21   Duncan v. Henry, 513 U.S. 364, 366 (1995).  However, an explicit reference to a particular

22   constitutional provision is not necessary if the petitioner's state court pleadings cited "either

23   federal or state case law that engages in a federal constitutional analysis."  Fields v. Waddington,

24   401 F.3d 1018, 1021 (9th Cir. 2005) (citing Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

25   2000)).  Essentially, the petitioner must have "alerted the state court that his claims rested on the

26   federal Constitution."  Id. (citing Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

1      A claim also is unexhausted if it contains new factual allegations that

2  "fundamentally alter the legal claim already considered by the state courts." Vasquez v. Hillery,

3  474 U.S. 254, 257-58 (1986).  New factual allegations that simply provide additional evidentiary

4  support for the claim do not transform the claim and thus do not require exhaustion.  Chacon v.

5  Wood, 36 F.3d 1459, 1468 (9th Cir. 1994), superseded by statute on other grounds, 28 U.S.C. §

6  2253(c).  The state court must have been given a fair opportunity to rule on petitioner's claims.

7  That does not mean the claim presented to the state court must in every respect be the same as the

8  claim presented in federal court.  Correll v. Stewart, 137 F.3d 1404, 1414 (9th Cir. 1998)

9  ("'claim exhaustion' does not equate to 'evidence exhaustion'").  Were that the case, many

10  aspects of federal habeas law would be null.  The federal statute and rules clearly contemplate the

11  possibility of new factual development in federal court.  See 28 U.S.C. § 2254(e) (evidentiary

12  hearings); Rule 6, Rules Governing § 2254 Cases (discovery).  Further, this court recognizes that

13  requiring a petitioner to present every factual basis for his claim in state court ignores the reality

14  that state court procedures do not always permit full fact-finding.[2]  If the petitioner presented the

15  legal basis for the claim but was unable to make a substantial factual showing because state court

16  procedures did not permit fact-finding, then the state court has had a sufficient opportunity to

17  rule on the merits of the claim and the exhaustion requirement should be satisfied.  See Weaver

18  v. Thompson, 197 F.3d 359, 364-65 (9th Cir. 1999); Miller v. Estelle, 677 F.2d 1080, 1084 n.9

19  (5th Cir. 1982).

20  ////

21  ////

22  ////

23

24      [2]  At the time petitioner's state habeas proceeding was active, California court rules
required the issuance of an order to show cause before a petitioner was permitted to conduct

25  discovery.  People v. Gonzales, 51 Cal. 3d 1179, 1258 (1990) (a habeas petition that does not
state a prima facie case for relief "must be summarily denied, and it creates no cause or

26  proceeding which would confer discovery jurisdiction."), superseded by statute as stated in In re
Steele, 32 Cal. 4th 682, 690 (2004) (Gonzales superseded by statute effective Jan. 1, 2003).

PROCEDURAL BACKGROUND [3]

On July 18, 1985, petitioner was convicted of three counts of first degree murder and the jury found a multiple murder special circumstance.  On August 7, 1985, the jury rendered a verdict of death.

On August 5, 1987, petitioner filed his opening brief in his appeal before the California Supreme Court.  On February 29, 1988, petitioner filed a petition for writ of habeas corpus in that court.  On August 18, 1988, the California Supreme Court issued an order to show cause directed to three questions raised by petitioner's habeas claims.  In 1989, the court ordered an evidentiary hearing on three subjects.  Thereafter, petitioner filed four subsequent state habeas petitions and the California Supreme Court expanded the scope of the evidentiary hearing.  The state evidentiary hearing began in February 1994.  On July 7, 1999, the state evidentiary hearing referee issued his final report.

On June 9, 2003, the California Supreme Court issued reasoned opinions affirming petitioner's conviction and sentence on direct appeal and denying his habeas petitions.  People v. Cox, 30 Cal. 4th 916 (2003); In re Cox, 30 Cal. 4th 974 (2003).

Petitioner initiated these federal proceedings in 2004.  He filed a petition here on June 28, 2005.  (Dkt. No. 32.)  Respondent filed an answer in July 2011.  (Dkt. No. 96.)  In addition to addressing the merits of petitioner's claims, respondent asserts a number of claims are unexhausted and/or procedurally barred.

On June 30, 2005, petitioner filed his sixth state habeas petition.   These federal proceedings were stayed during the pendency of that state petition.  (Dkt. No. 58.)  The California Supreme Court denied the petition on June 9, 2010.

---

[3]  The state court record, including the briefs on petitioner's appeal and the state habeas pleadings, was lodged in this court on December 7, 2004, January 30, 2006, June 5, 2006, and in 2010 pursuant to the court's October 7, 2010 order.  (Dkt. Nos. 28, 46, 53, 86.)  These records were lodged in a rather haphazard fashion.  They have been organized by the court chronologically and placed in eleven labeled banker's boxes.

1    <u>ANALYSIS</u>

2    I.  <u>Claim 1 - Counsel's Conflict of Interest</u>

3              In claim 1, petitioner argues his trial counsel had a conflict of interest in violation

4    of his Sixth, Eighth, and Fourteenth Amendment rights.  He also argues that, when alerted to the

5    conflicts, the trial court failed to conduct an adequate inquiry.  (Dkt. No. 32-1 at 41-47.)

6    Respondent argues petitioner did not raise the Eighth or Fourteenth Amendment aspects of this

7    claim in state court.

8              In claim I of his opening brief on appeal ("AOB"[4]), petitioner argued he was

9    deprived of effective assistance of counsel due to his attorneys' conflicts of interest.  (AOB at 28-

10   42.)  Petitioner also argued the trial court failed to conduct an inquiry into the conflict.  (AOB at

11   34-35, 36-37.)  Under the heading "Applicable Law," petitioner cited the Sixth Amendment to

12   the United States Constitution and <u>Powell v. Alabama</u>, 287 U.S. 45 (1932) in support of his

13   statement that a criminal defendant has a federal constitutional right to effective assistance of

14   counsel.  (AOB at 29.)  He continued, "Effective assistance of counsel includes the correlative

15   right to representation that is free from conflicts of interest.  (<u>Wood v. Georgia</u> (1981) 450 U.S.

16   261, 271.)"  (AOB at 29-30, additional citations omitted.)  He added that an attorney conflict

17   undermines the integrity of criminal proceedings and "in no proceeding is [integrity] more

18   important than in a capital trial in which the state has an independent interest in assuring the

19   reliability of the outcome.  (<u>Lockett v. Ohio</u> (1978) 438 U.S. 586, 605.)"  (AOB at 30.)

20             Petitioner sufficiently raised the Fourteenth and Eighth Amendment aspects of

21   this claim in state court by citing Supreme Court case law which clearly relied on those

22   amendments.  <u>See</u> <u>Fields v. Waddington</u>, 401 F.3d 1018, 1021 (9th Cir. 2005).  The Supreme

23   Court in <u>Wood</u> specifically held that representation by an attorney acting under a conflict of

24   interest violated the defendants' due process rights.  450 U.S. at 271-74.  In fact, the Court made

25   _____

26         [4]  The state appellate briefs can be found in box #3 of the lodged state court record.  <u>See</u>
     note 3, <u>supra</u>.

1  a point of stating that its decision was based on due process grounds.  Id. at 273.  With respect to

2  the Eighth Amendment, in his state court brief petitioner cited Lockett for the proposition that

3  reliability is particularly important in a capital trial.  The Supreme Court in Lockett stated that the

4  heightened concern for reliability in capital sentencing was a requirement of the Eighth and

5  Fourteenth Amendments.  438 U.S. at 605.

6        Respondent has not shown the California Supreme Court did not have a fair

7  opportunity to consider the Eighth and Fourteenth Amendment aspect of petitioner's claim that

8  his counsel acted under a conflict of interest.  The fact that the California Supreme Court may not

9  have mentioned those amendments in ruling on petitioner's claim is not dispositive, as

10  respondent seems to argue, in determining whether petitioner has exhausted an aspect of his

11  claim.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (Exhaustion requirement does not turn

12  on whether state court "chooses to ignore a federal constitutional claim squarely raised.").  Claim

13  1 is exhausted.

14  II.  Claims 22, 23, 24, 25, 26, 27, and 28 - Evidentiary Errors

15        In these federal claims, petitioner argues trial court error in admitting evidence

16  and/or denying a motion for a mistrial and, in some instances, also argues prosecutorial

17  misconduct.  (Dkt. No. 32-1 at 109-126.)  In each claim, petitioner argues his Fifth, Sixth, Eighth

18  and Fourteenth Amendment rights were violated.  Petitioner's state court claims making the same

19  arguments did not, for the most part, specifically refer to violations of petitioner's federal

20  constitutional rights.  (AOB at 43-85, 128-136, 137-143, 86-102, 103-116, 117-127, 144-163.)

21  However, petitioner raised each of these issues, and argued they violated his rights to due process

22  under the Fifth and Fourteenth Amendments, in his state cumulative error claim, claim X in his

23  state appellate brief.  (AOB at 179-82.)

24        Respondent argues that petitioner has not fairly presented the federal

25  underpinnings for his claims by raising them later in the cumulative error claim.  Respondent

26  states petitioner may not "borrow language from other discrete claims."  (E.g., Dkt. No. 113 at

6

19:16-17.)  Respondent cites federal cases for this argument.  The first two cited do not support

it.  See Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005); Hiivala v. Wood, 195 F.3d

1098, 1106-07 (9th Cir. 1999).  In the third case cited by respondent, Castillo v. McFadden, 399

F.3d 993, 999-1003 (9th Cir. 2005), the court did hold that citation to a federal constitutional

provision with respect to one claim did not exhaust it with respect to a separate claim, but that

case is not on point.  In the present case, in his cumulative error claim, petitioner describes each

alleged evidentiary violation initially raised in claims 22 through 28 and argues they resulted in a

fundamentally unfair trial in violation of his Fifth and Fourteenth Amendment rights.  (AOB at

180-81.)  Petitioner "alerted the state court that his claims rested on the federal Constitution."

Fields, 401 F.3d at 1020-21.  Petitioner has exhausted the Fifth and Fourteenth Amendment

aspects of claims 22 through 28.

Respondent's arguments that petitioner failed to raise the Sixth and Eighth

Amendment aspects of each claim have better support.  Petitioner argues his state cumulative

error claim also raised Eighth Amendment issues.  He explains that he exhausted the "federal

basis of the claim, and the need for heightened reliability in a capital case" in his conclusion to

the state cumulative error claim:

> Particularly in the context of a capital case, in which the guilt
> determination cannot be corrected if found to be erroneous after the
> punishment has been exacted, a trial infected with the serious
> errors present in this case cannot satisfy the demands of due
> process.  (See People v. Hogan (1982) 31 Cal. 3d 815, 848.)

(Dkt. No. 113 at 11-12; AOB at 181-82.)  However, the California Supreme Court in Hogan did

not rely upon the Eighth Amendment for its "death is different" analysis.  Rather, the court cited

Mattox v. United States, 146 U.S. 140, 149 (1892), in which the Supreme Court stated that "[i]t

is vital in capital cases" that "any ground of suspicion that the administration of justice has been

interfered with" cannot be "tolerated."  While petitioner is free to argue that death is different in

support of his claims, he has not exhausted any Eighth Amendment basis, including any

infringement on his right to a "non-arbitrary penalty determination," for claims 22 through 28.

1   See Hiivala, 195 F.3d at 1106 ("[G]eneral appeals to broad constitutional principles, such as due

2   process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.").

3          With respect to claims 23, 24, 25, and 28, petitioner does not mention how or

4   where he raised in state court the Sixth Amendment arguments made in those three claims.  This

5   court finds he has not exhausted the Sixth Amendment aspects of claims 23, 24, 25, and 28.

6   Petitioner did explicitly cite the Sixth Amendment in his state court claim corresponding to

7   federal claim 22 and respondent does not argue that legal basis for claim 22 is unexhausted.  (See

8   Claim II, AOB at 79.[5])

9          With respect to claims 26 and 27, petitioner argues he exhausted the Sixth

10  Amendment right to confrontation argument by raising it in a letter brief submitted to the

11  California Supreme Court on April 4, 2002.[6]  In 2002, after the reference hearing, the parties

12  filed letter briefs in response to an invitation by the California Supreme Court to update the legal

13  authorities relevant to the direct appeal claims.  Respondent filed his first letter brief on March 6,

14  2002 and petitioner filed his on March 7.  Each party then filed a reply letter brief; respondent on

15  March 29 and petitioner on April 4.  It is only this last brief that petitioner claims raises his Sixth

16  Amendment argument for claims 26 and 27.

17         Respondent does not address the question of whether raising the Sixth

18  Amendment issue in the reply letter brief was sufficient to exhaust it.  California law is clear that

19  it was not.  The parties in a capital appeal are permitted to file supplemental briefs "limited to

20  new authorities, new legislation, or other matters that were not available in time to be included in

21  the party's brief on the merits."  Cal. R. of Ct., Rules 8.520(d), 8.630(d).  Further, California

22  appellate courts generally refuse to consider issues raised for the first time in a reply brief.  See

23  Reichardt v. Hoffman, 52 Cal. App. 45h 754, 764 (1997).  Where a claim is raised in state court

24  _____

25         [5] State court claim II also cited the Fourteenth Amendment.  (AOB at 79.)

26         [6] Each of these letter briefs can be found in box # 9 of the lodged state court record.  See, note 3, supra.

1    in a procedural context in which the court will not consider it absent special circumstances, it is

2    not exhausted.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  Petitioner's first mention of

3    violations of his right to confront and cross-examine witnesses with respect to claim 27, and

4    perhaps claim 26, was made in a supplemental reply brief.  This does not amount to a fair

5    presentation of the issue to the California Supreme Court and it is not exhausted.

6           In addition to his arguments that petitioner failed to properly raise federal

7    constitutional bases for his claims, respondent alleges that petitioner failed to exhaust specific

8    legal arguments with respect to some claims.  Those allegations are addressed below.

9         A.  Claim 22 - Reference to Polygraph

10          Petitioner argues in claim 22 that the prosecutor committed misconduct, and the

11   trial court erred, in allowing a reference to a witness's polygraph examination.  (Dkt. No. 32-1 at

12   109-10.)  Respondent argues petitioner has not exhausted two issues raised in this claim: that he

13   was denied the rights to "the proper application of state evidentiary rules" and to a "non-arbitrary

14   penalty determination."  The argument regarding the arbitrariness of the penalty determination

15   appears to be an Eighth Amendment issue and would not, as discussed above, be exhausted.[7]

16   Petitioner's argument that he was denied the right to "proper application of state evidentiary

17   rules" is not further explained in the petition.  (Dkt. No. 32-1 at 109-10.)  Because it is not

18   fleshed out, it is difficult to determine to what extent, if any, it involves legal arguments that

19   substantially differ from the arguments of trial court error in the state petition.  A petitioner is not

20   limited to the precise wording of his state court claims.  See Tamapua v. Shimoda, 796 F.2d 261,

21   262 (9th Cir. 1986) (habeas petitioner may "reformulate somewhat the claims made in state

22   court").  However, petitioner may be raising a separate claim that admission of the polygraph

23   evidence arbitrarily deprived him of a state-law entitlement under Hicks v. Oklahoma, 447 U.S.

24

---

25       [7]  The Supreme Court has held repeatedly that the Eighth Amendment requires a capital
     sentencing scheme that minimizes "the risk of wholly arbitrary and capricious action."  See
26   Gregg v. Georgia, 428 U.S. 153, 189 (1976).

1    343 (1980).  To the extent he does, that is a separate claim than his claim of trial court error and

2    it would not be exhausted.  To the extent the differences between the "proper application"

3    argument and the argument in the state petition do not fundamentally differ, the "proper

4    application" argument is exhausted.

5         B.   Claim 23 - References to Protective Custody

6              In federal claim 23, petitioner argues the prosecutor and a law enforcement

7    witness committed misconduct by indicating witness Napoletano was placed in protective

8    custody and had to be protected from petitioner.  (Dkt. No. 32-1 at 111-12.)  Respondent claims

9    petitioner failed to exhaust the argument made in claim 23 that Officer Wilson committed

10   misconduct.  The state claim specifically argues that the coordinated actions of Officer Wilson

11   and the prosecutor constituted "separate and additional acts of prosecutorial misconduct."  (AOB

12   at 133.)  Further, petitioner's state court recitation of the facts clearly lays out alleged misconduct

13   by both the prosecutor and Officer Wilson.  (AOB at 128-32.)  Petitioner's argument that Officer

14   Wilson committed misconduct is exhausted.

15        C.   Claim 25 - Admission of Firearms Evidence

16             In claim 25, petitioner alleges the trial court violated his Fifth, Sixth, Eighth, and

17   Fourteenth Amendment rights when it admitted evidence that petitioner possessed loaded

18   firearms in his vehicle.  (Dkt. No. 32-1 at 116-17.)  In claim III in his state appeal, petitioner

19   made the same argument.  (AOB at 86-102.)  Respondent argues petitioner failed to exhaust an

20   argument that admission of the firearms evidence impacted his right to "proper application of

21   state evidentiary rules."  As described above with respect to claim 22, to the extent this argument

22   differs fundamentally from petitioner's argument that the trial court violated his rights in

23   admitting the firearms evidence, it is not exhausted.

24        D.   Claim 28 - Admission of Evidence that Napoletano Directed Officers to the Scene

25             Petitioner argues in claim 28 that his Fifth, Sixth, Eighth, and Fourteenth

26   Amendment rights were violated when the trial court permitted admission of evidence that

witness Napoletano had directed officers to the scene of victim Galston's homicide.  (Dkt. No. 32-1 at 123-26.)  In state court claim VIII, petitioner made the same general argument.  (AOB at 144-63.)  Respondent argues petitioner failed to exhaust the following specific allegations that the testimony impacted petitioner's rights to (1) due process, (2) the proper application of state evidentiary rules, (3) confrontation, or (4) a non-arbitrary penalty phase determination.  As discussed above, petitioner has exhausted due process arguments by raising them in his state cumulative error claim.  Further, also as stated above, petitioner has failed to raise any Sixth Amendment confrontation clause claim or Eighth Amendment arbitrariness claim.  The only remaining issue is whether petitioner raised in state court an argument that he was a denied a right to "proper application of state evidentiary rules." (Dkt. No. 32-1 at 123:8.)   Again, as discussed above, to the extent it is fundamentally different from his state court argument of trial court error, petitioner's argument that he was denied the proper application of state evidentiary rules is not exhausted.

III.  Claim 31 - Denial of Right to be Present

In claim 31 of the federal petition, petitioner argues he was deprived of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments when he, his attorney, and the court were absent during proceedings in which testimony was re-read to the jury during deliberations. (Dkt. No. 32-1 at 131.)  In claim IX of his state appeal, petitioner argued this absence violated his Fifth, Sixth, and Fourteenth Amendment rights to due process and the effective assistance of counsel.  (AOB at 164-78.)   Respondent argues petitioner failed to exhaust the Eighth Amendment underpinning for this claim and in addition failed to exhaust arguments that the following rights were violated: (1) to be free of an arbitrary deprivation of a state law entitlement; (2) to confrontation; (3) to trial by jury; and (4) to a non-arbitrary sentencing determination.

Petitioner contends he fairly presented the Eighth Amendment issue and the issues identified by respondent in several statements and by his citations to federal authorities.  First,

1  petitioner argues he raised the Eighth Amendment issues, including the right to a non-arbitrary

2  sentencing determination, by his discussion of Bustamante v. Eyman, 456 F.2d 269, 273-75 (9th

3  Cir. 1972) , and by citations to Proffitt v. Wainwright, 685 F.2d 1227, 1256-58 (11th Cir. 1982);

4  Hall v. Wainwright, 733 F.2d 766, 775-76 (11th Cir. 1984); and Burger v. Kemp, 483 U.S. 776

5  (1987).  (Dkt. No. 113 at 11-18.)

6          The appellate brief's discussion of Bustamante was made to support petitioner's

7  argument that a capitally charged defendant "has both the right and the obligation to be

8  personally present at all stages of his trial under federal law."  (AOB at 174.)  Petitioner

9  specifically cited Bustamante as support for his theories of relief under the Sixth and Fourteenth

10  Amendments.  (AOB at 175-76.)  Petitioner then discussed Bustamante at some length.  (AOB at

11  176-78.)  The quoted portions of Bustamante referred only to the due process rights to be present

12  at trial.  (AOB at 176, 177.)   However, petitioner claims the following statement within that

13  quote "invoked" the Eighth Amendment:  "The defendant's right to be present at all proceedings

14  of the tribunal which may take his life or liberty is designed to safeguard the public's interest in a

15  fair and orderly judicial system."  (AOB at 177.)   This court finds that one statement insufficient

16  to "call to mind a specific right protected by the Constitution."  Nara v. Frank, 488 F.3d 187, 198

17  (3rd Cir. 2007); see also Ellsworth v. Levenhagen, 248 F.3d 634, 639 (7th Cir. 2001) (exhaustion

18  may be accomplished by framing "the claim in terms so particular as to call to mind a specific

19  constitutional right.")   Moreover, one statement appearing in a fairly lengthy quote cited in

20  apparent support of petitioner's arguments based upon his rights to due process and confrontation

21  cannot be said to have put the state court on notice that petitioner was also making an Eighth

22  Amendment argument.

23          The citations to Proffitt and Hall also did not apprise the California Supreme

24  Court that petitioner was asserting a separate constitutional violation.  Those cases discuss a

25  defendant's right to be present based upon the Sixth and Fourteenth Amendments, not the Eighth.

26  \\\\\

1  See Proffitt, 685 F.2d at 1256-58;[8] Hall, 733 F.2d at 775-76.  Petitioner's citation to Burger

2  followed a discussion of ineffective assistance of counsel and included no pinpoint citation.

3  (AOB at 171.)  The Court in Burger does not appear to have addressed any Eighth Amendment

4  issue.  483 U.S. at 783-817.  Therefore, the citation to Burger similarly did nothing to alert the

5  state court that petitioner was making an Eighth Amendment argument.  The Eighth Amendment

6  aspect of claim 31 is not exhausted.

7          Petitioner next argues he presented the issue of his right to be free of an arbitrary

8  deprivation of a state law entitlement by his discussion of Hopt v. Utah, 110 U.S. 574, 578

9  (1884) and the following quote from that case: "'That which the law makes essential in

10  proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by

11  the consent of the accused; much less by his mere failure, when on trial and in custody, to object

12  to unauthorized methods.'" (AOB at 174-76.)  However, the Court in Hopt focused on the due

13  process right to be present; it did not examine the separate claim that petitioner was deprived of a

14  state law entitlement.  Petitioner's discussion of Hopt in state court did not exhaust that issue

15  here.

16          Finally, petitioner contends he exhausted issues regarding the rights to

17  confrontation and trial by jury in his discussion of Bustamante.  Petitioner has a somewhat better

18  argument here since those rights are covered by the Sixth Amendment, upon which he explicitly

19  relied in his state court brief.  In fact, the Supreme Court has made clear that the right to be

20  present is "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause."  Illinois

21  v. Allen, 397 U.S. 337, 338 (1970).  While petitioner characterizes it largely as a due process

22  right in his state court pleadings, he cites to Allen, and to several other cases explaining the right

23  as one rising under both the Confrontation Clause and the Due Process Clause.  (AOB at 177-

24

25          [8] Petitioner also cited Proffitt in his reply brief on appeal ("ARB") at pages 41-42.  Its
    invocation in the reply brief does nothing to further petitioner's argument that he made an Eighth

26  Amendment claim in state court.

178.)  See, e.g., Proffitt, 685 F.2d at 1256 ("A defendant's right to be present at all stages of a criminal trial derives from the confrontation clause of the sixth amendment and the due process clause of the fourteenth amendment."); Bustamante, 456 F.2d at 273 (same).  Regardless of its categorization as a due process or confrontation right, the analysis appears to be the same.  See Bustamante, 456 F.2d at 273-75.  A claim is exhausted if it is "closely related to" an exhausted claim and raising one claim in the petition would necessarily have caused a court to discuss the other.  Lounsbury v. Thompson, 374 F.3d 785, 789 (9th Cir. 2004).  Accordingly, this court finds that petitioner's failure to use the phrase "confrontation clause" does not mean he did not satisfactorily raise in state court the federal constitutional issue of a defendant's right to be present under both the Due Process and Confrontation Clauses.

The Sixth Amendment right to trial by jury does not appear to have been mentioned in the cases cited by petitioner.  To the extent analysis of claim 31 under that right differs fundamentally from analysis of claim 31 under due process and the confrontation clause, it is unexhausted.

IV.  Claim 32 - Prosecutorial Misconduct at Penalty Phase

Petitioner argues here that the prosecutor's penalty phase summation included irrelevant remarks which were so inflammatory that they violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments.  (Dkt. No. 32-1 at 132.)  The state law claim based on these facts was claim XIV.  (AOB at 202-06.)   Petitioner's state court argument specifically relied upon the Eighth and Fourteenth Amendments.  (AOB at 203.)  Respondent argues petitioner failed to exhaust both the Fifth and Sixth Amendment aspects of this claim and the argument that the prosecutor's summation violated petitioner's right to a non-arbitrary sentencing determination.

First, by clearly citing the Eighth Amendment and arguing that it required the sentencing jury make a "reliable and individualized decision," petitioner sufficiently made an argument that his right to a "non-arbitrary" sentencing decision was violated.  See Odem v.

1    <u>Hopkins</u>, 192 F.3d 772, 776 (8th Cir. 1999) ("An exact duplicate of [petitioner's] state court

2    argument is not required for exhaustion. . . ."). However, petitioner has not shown he raised

3    Fifth and Sixth Amendment arguments in state court. Petitioner contends he cited cases which

4    raised the Sixth Amendment right to confrontation and the "jury's role in sentencing in a capital

5    case." (Dkt. No. 113 at 28:16 - 29:4.) Those cited cases do not support petitioner's contention.

6    Petitioner cited to portions of <u>Booth v. Maryland</u>, 482 U.S. 496, 502, 508 (1987) and <u>Caldwell v.</u>

7    <u>Mississippi</u>, 472 U.S. 320, 341 (1985) in which the Court addressed only Eighth Amendment

8    concerns. (<u>See</u> AOB at 203, 205, 206 n.75.) Petitioner also cited <u>Hance v. Zant</u>, 696 F.2d 940,

9    952-53 (11th Cir. 1983), in which the court determined the prosecutorial misconduct at issue

10   rendered the petitioner's trial fundamentally unfair, with no mention of a violation of the

11   petitioner's confrontation rights. (AOB at 204.) Petitioner's Fifth and Sixth Amendment

12   arguments are unexhausted.

13   V.   <u>Claim 33 - Restrictions on Defense Argument at Penalty Phase</u>

14            In his federal petition, petitioner argues that a trial court ruling restricting defense

15   argument regarding the method of execution violated his Eighth and Fourteenth Amendment

16   rights. (Dkt. No. 32-1 at 133-34.) In state court, petitioner contended this method of execution

17   argument was appropriate. (AOB at 230-39.) Petitioner argued that California Supreme Court

18   precedent to the contrary violated the federal constitutional guarantees set out in <u>Lockett v. Ohio</u>,

19   438 U.S. 586 (1978 ) and <u>Gregg v. Georgia</u>, 428 U.S. 153, 203-04 (1976). (AOB at 232-34.)

20   The United States Supreme Court in both cases clearly relied upon the Eighth and Fourteenth

21   Amendments to hold that sentencing juries must be permitted to give "independent mitigating

22   weight to aspects of the defendant's character and record and to circumstances of the offense."

23   <u>Lockett</u>, 438 U.S. at 605; <u>see also</u> <u>Gregg</u>, 428 U.S. at 200-04. Petitioner further asked the

24   California Supreme Court to hold that a defendant has the right, "as a matter of both statutory

25   and constitutional law," to present this information. (AOB at 233.) This clear reliance upon

26   federal authority was sufficient to apprise the California Supreme Court that petitioner was

1  seeking relief under the Eighth and Fourteenth Amendments.  See Fields v. Waddington, 401

2  F.3d 1018, 1021 (9th Cir. 2005).  Claim 33 is exhausted.

3  VI.  Claim 34 - Instructions re Assumed Imposition of the Penalty

4         In claim 34, petitioner argues a penalty phase instruction misled the jury about the

5  consequences of its verdict in violation of petitioner's Eighth and Fourteenth Amendment rights.

6  (Dkt. No. 32-1 at 135.)   In his state appeal, petitioner argued the instruction violated due process

7  and argued at some length that his trial counsel's request for the instruction should not be a

8  procedural bar to the California Supreme Court's consideration of the issue.  (AOB at 207-14.)

9  Respondent asserts petitioner failed to raise in state court the argument that the instruction

10  violated his Eighth Amendment rights, right to a reliable individualized penalty verdict, and right

11  to be free of improper sentencing considerations.  (Dkt. No. 113 at 33:17-22.)

12         In his appellate opening brief, petitioner argued the Eighth Amendment aspect of

13  this claim in the course of setting out reasons why the California Supreme Court should not

14  procedurally bar it.  Petitioner argued that special considerations apply in a capital case: "We

15  submit that technical rules of appellate procedure must give way to society's essential important

16  interest in assuring that the death penalty not be inflicted in an arbitrary and capricious manner."

17  (AOB at 212.)  Petitioner cited Gregg v. Georgia, 428 U.S. 153 (1976) and Furman v. Georgia,

18  408 U.S. 238 (1972) in support of this argument.  Petitioner then went on to conclude:

19             Surely, where, as here, the trial court gives an erroneous penalty
               phase instruction which this Court considers so misleading as to
20             constitute a due process violation, any ensuing death judgment
               cannot properly be deemed to satisfy the constitutional requirement
21             that death be the "appropriate" verdict (see People v. Brown,
               (1985) 40 Cal.3d 512, 540) simply because the trial judge bowed to
22             the misguided wishes of counsel.

23  (AOB at 212.)  The United States Supreme Court in Gregg and Furman, and the California

24  Supreme Court in Brown, relied upon the Eighth and Fourteenth Amendments in analyzing

25  whether the state death penalty statute guided the sentencer's discretion to "minimize the risk of

26  'wholly arbitrary and capricious action.'"  Brown, 40 Cal. 3d at 539 (quoting Gregg, 428 U.S. at

1   189); <u>Furman</u>, 408 U.S. at 276-77 (Brennan, J., concurring).  With these arguments, petitioner

2   put the California Supreme Court on notice that his claim had Eighth Amendment underpinnings.

3   <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005)("While the petitioner must refer

4   to federal law in state court explicitly, exhaustion is satisfied once the petitioner makes that

5   explicit reference even if the petitioner relies predominantly on state law before the state

6   courts.").  Claim 34 is exhausted.

7   VII.  <u>Claim 35 - Failure to Instruct on Burden of Proof for Other Crimes Evidence</u>

8            Petitioner's next federal claim alleges the trial court's failure to instruct the

9   penalty phase jury that it must find other crimes evidence beyond a reasonable doubt violated his

10  Sixth, Eighth, and Fourteenth Amendment rights.  (Dkt. No. 32-1 at 136-37.)  Petitioner argues

11  the jury should have found the following evidence of criminal conduct beyond reasonable doubt

12  in order to consider it in aggravation: evidence that petitioner possessed numerous firearms,

13  evidence that petitioner had sexual intercourse with each of the three victims, and evidence that

14  petitioner had sexually assaulted Joanna Napoletano.  (Dkt. No. 32-1 at 136:12-19.)  In state

15  court, petitioner argued the same instructional error.  (AOB at 183-89.)  Respondent asserts that

16  petitioner failed to raise in state court his argument that the lack of this instruction arbitrarily

17  deprived him of a state law entitlement and failed to raise the factual issue that his interaction

18  with Joanna Napoletano could be viewed as other crimes evidence.

19           Petitioner does little to demonstrate how he made the California Supreme Court

20  aware that he argued an arbitrary deprivation of a state law entitlement.  Petitioner states only

21  that his citation to <u>Lockett v. Ohio</u>, 438 U.S. 586 (1978) raised the Eighth Amendment issue.  In

22  his state appellate brief, petitioner cited <u>Lockett</u> for the proposition that the jury's consideration

23  of improper aggravating circumstances abridged his right to a fair and reliable penalty verdict.

24  (AOB at 189.)  Petitioner did not argue he was deprived of a state law entitlement and <u>Lockett</u>

25  does not stand for that proposition.  Accordingly, petitioner's legal argument in claim 35 that he

26  was arbitrarily deprived of a state law entitlement is not exhausted.

1   On the other hand, the addition of the assault on Napoletano to petitioner's list of

2   evidence that jurors should have found beyond a reasonable doubt does not render claim 35

3   unexhausted.  Petitioner's argument in both state and federal court is that the trial court failed to

4   give a necessary instruction.  The fact that petitioner has argued an additional item to show he

5   was prejudiced by this failure does not fundamentally alter the claim presented in state court.

6   See Vasquez v. Hillery, 474 U.S. 254, 257-58 (1986).

7   VIII.  Claim 39 - Inadequate Response to Jury Request

8          In claim 39 of the federal petition, petitioner argued the trial judge mishandled a

9   jury request for guidance during deliberations in violation of his Sixth, Eighth, and Fourteenth

10  Amendment rights.  (Dkt. No. 32-1 at 143-44.)  In state court, petitioner alleged the same facts

11  amounted to violations of his Sixth, Eighth, and Fourteenth Amendment rights.  (AOB at 220-

12  29.)  Respondent contends again that petitioner failed to exhaust an argument that the judge's

13  handling of the request arbitrarily deprived him of a state law entitlement.  Petitioner states only

14  that this issue is "a component of the violation of due process."  (Dkt. No. 113 at 37:4-8.)

15  Petitioner's argument based on the Due Process Clause cannot be said to encompass any possible

16  issue which may arise under that clause.  Cf. Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

17  1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal

18  protection, and the right to a fair trial, are insufficient to establish exhaustion.").  Petitioner's

19  argument that the judge's mishandling of the jury request arbitrarily deprived him of a state law

20  entitlement is not exhausted.

21  IX.  Claim 49 - Cumulative Error

22          Here, petitioner argues that the cumulative effect of the errors identified in claims

23  5, 8, 10, 22, 23, 24, 25, 26, 27, 28, 31, and 40 violated his rights under the Fifth, Sixth, Eighth,

24  and Fourteenth Amendments by depriving him of a fair trial and a reliable death verdict.  (Dkt.

25  No. 32-3 at 260.)  Petitioner made an argument in state court that the cumulative effect of the

26  guilt phase evidentiary errors violated his federal constitutional rights.  (Claim X, AOB at 179-

182.)  Those guilt phase errors correspond to federal claims 22-28.  Respondent contends that petitioner exhausted only the argument of cumulative error regarding claims 22-28 and has not exhausted it as set out in claim 49, encompassing five additional claims.

As petitioner concedes, the Court of Appeals for the Ninth Circuit has held that a claim of cumulative error is not so intertwined with the individual claims upon which it is based that it need not be separately exhausted.  Wooten v. Kirkland, 540 F.3d 1019, 1025-26 (9th Cir. 2008).  Petitioner claims that he incorporated all habeas claims into his cumulative error argument in his appellate reply brief and that he exhausted a more global claim of cumulative error in his November 5, 1988 traverse in his state habeas proceeding, and in his April 6, 1990 supplemental state petition.

In his appellate reply brief, petitioner argued that the court should look to the allegations of the habeas petition when it considered the prejudicial effect of the errors asserted in claim X.  (ARB at 45-46.)  In effect, petitioner consolidated those habeas claims of guilt phase error into his appellate arguments of error.  The issues raised in claims 5, 8, 10, and 40 apparently were exhausted in petitioner's state habeas proceedings.[9]  Accordingly, petitioner did attempt to incorporate them into his cumulative error claim.  The question, however, is whether making this argument in his reply brief was sufficient to exhaust it.

California appellate courts typically refuse to consider a new issue raised in an appellate reply brief.  See Reichardt v. Hoffman, 52 Cal. App. 4th 754, 764 (1997).  The present case does not, however, involve  the addition of an appellate claim to the appellate reply brief.  Rather, in the present case, petitioner raised habeas issues in the appellate reply brief.  Petitioner's first state habeas petition was filed after he filed his appellate opening brief and

\\\\\

---

[9]  Respondent withdrew exhaustion-based objections to claims 5, 8, and 10.  (Dkt. No. 113 at 1:14-16.)  In the answer, respondent did not assert claim 40 was unexhausted.  (Dkt. No. 96 at 216.)

before he filed his appellate reply brief.[10]  Petitioner could not be expected to reference a non-existent habeas petition in the appellate opening brief.  Petitioner provided the California Supreme Court at least one other indication that he sought to have the court consider the cumulative effect of errors in his appeal and habeas proceeding.  In petitioner's April 6, 1990 supplemental habeas petition, he first argued the court should consolidate his appeal and all habeas petitions because the issues were "inextricably connected."  (Apr. 6, 1990 Supp. Pet. at 22.)  Petitioner then went on to argue that "the materiality and prejudicial effect of the claims alleged in this supplemental petitioner can be assessed only on the basis of the whole record, including errors claimed in the initial petition and traverse."  (Id.)  When read in conjunction with petitioner's appellate reply brief, the California Supreme Court was fairly notified that petitioner intended to seek cumulative error review of the guilt phase claims identified in his appeal and alleged on habeas.  Further, the fact that the California Supreme Court consolidated petitioner's habeas proceedings with his appellate proceedings lends support to petitioner's assertion that the California Supreme Court considered his claims in a holistic manner.  (In re Cox, No. S004507 (Cal. Sup. Ct. Order dated Aug. 18, 1988).)[11]

---

[10]  The state court filings referred to in this discussion can be found in box #3 of the lodged state court record.  See note 3, supra.

[11]  Petitioner also argues a statement in his 1998 traverse put the court on notice that he sought cumulative error review.  The court finds that statement did not exhaust claim 49.  In the opening portion of his 1988 traverse, petitioner challenged respondent's broad statement that he had not been deprived of "any" constitutional rights by arguing: "all of the denials of due process and effective assistance of counsel which were alleged in the petition and are alleged in this traverse, individually and in combination, resulted in a death judgment which is unreliable within the meaning of the Eighth and Fourteenth Amendments to the United States Constitution." (Nov. 15, 1988 Traverse at 7.)  Even assuming this statement raised a claim of cumulative error, it only made that claim with respect to the errors alleged in the habeas petition.  Petitioner's federal cumulative error claim combines errors alleged in both the state habeas petition and state appeal.

The court recognizes that the fact petitioner must raise some state claims through appeal and others through habeas makes it tricky to exhaust a claim of cumulative error encompassing claims from both proceedings.  That is one of the reasons this court is willing to construe somewhat liberally petitioner's attempt to consolidate both types of claims into his appellate cumulative error claim.

1    For these reasons, this court finds petitioner adequately notified the California

2    Supreme Court that he sought its consideration of the cumulative error of the appellate claims

3    reflected in federal claims 22 through 28 and of the state habeas claims reflected in federal claims

4    5, 8, 10, and 40.  In claim 49, petitioner adds one additional claim to the mix, claim 31.  As

5    discussed above, claim 31 was raised in state court on appeal.  In his state cumulative error

6    claim, petitioner set out each of the appellate claims for consideration.  Claim 31 was not one of

7    them.  Therefore, as currently stated, claim 49 is not exhausted.  However, were petitioner to

8    delete the reference to claim 31, this court would find claim 49 exhausted.

9    In conclusion, it is worth noting that deletion of some or all of the constitutional

10   underpinnings this court found unexhausted may have little effect on the court's ultimate

11   consideration of petitioner's claims.  Petitioner appears to have raised the primary constitutional

12   bases for most of his claims.  The court is concerned that respondent's insistence upon

13   exhaustion, while technically correct in some instances, may have been largely a time-consuming

14   exercise in form over substance.  In any event, for the reasons set forth above and good cause

15   appearing, THIS COURT HEREBY RECOMMENDS that the district court hold as follows:

16   1. Claim 1 is exhausted.

17   2. The Eighth Amendment aspect of claim 22, including the argument that the

18   polygraph reference violated petitioner's right to a non-arbitrary penalty determination, is not

19   exhausted.  To the extent petitioner's argument in claim 22 regarding his right to a proper

20   application of state evidentiary rules fundamentally differs from his argument of trial court error,

21   it is unexhausted.  In all other respects, claim 22 is exhausted.

22   3. The Sixth and Eighth Amendment aspects of claim 23 are not exhausted.  In all

23   other respects, claim 23 is exhausted.

24   4. The Sixth and Eighth Amendment aspects of claim 24 are not exhausted.  In all

25   other respects, claim 24 is exhausted.

26   5. The Sixth and Eighth Amendment aspects of claim 25 are not exhausted.  To

the extent petitioner's argument in claim 25 regarding his right to a proper application of state evidentiary rules fundamentally differs from his argument of trial court error, it is unexhausted. In all other respects, claim 25 is exhausted.

6.   The Sixth and Eighth Amendment aspects of claim 26 are not exhausted.  In all other respects, claim 26 is exhausted.

7.   The Sixth and Eighth Amendment aspects of claim 27 are not exhausted.  In all other respects, claim 27 is exhausted.

8.   The Sixth and Eighth Amendment aspects of claim 28, including arguments regarding petitioner's rights to confrontation and to a non-arbitrary verdict, are not exhausted. To the extent petitioner's argument in claim 28 regarding his right to a proper application of state evidentiary rules fundamentally differs from his argument of trial court error, it is unexhausted. In all other respects, claim 28 is exhausted.

9.   The Eighth Amendment aspect and the argument that petitioner was arbitrarily deprived of a state law entitlement in claim 31 are not exhausted.  To the extent petitioner's argument in claim 31 regarding his right to trial by jury differs fundamentally from his Due Process and Confrontation Clause arguments, it is unexhausted.  In all other respects, claim 31 is exhausted.

10.   The Fifth and Sixth Amendment aspects of claim 32 are not exhausted.  In all other respects, claim 32 is exhausted.

11.   Claim 33 is exhausted.

12.   Claim 34 is exhausted.

13.   The argument in claim 35 that petitioner was arbitrarily deprived of a state law entitlement is not exhausted.  In all other respects, claim 35 is exhausted.

14.   The argument in claim 39 that petitioner was arbitrarily deprived of a state law entitlement is not exhausted.  In all other respects, claim 39 is exhausted.

15.   As currently stated, claim 49 is not exhausted.  If petitioner deletes the

1 | reference to claim 31 in claim 49, this court would find claim 49 exhausted.

2 |        These findings and recommendations are submitted to the United States District

3 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

4 | days after being served with these findings and recommendations, any party may file written

5 | objections with the court and serve a copy on all parties.  Such a document should be captioned

6 | "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

7 | failure to file objections within the specified time may waive the right to appeal the District

8 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 |  Dated: April 24, 2012

10

11 | CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17 | cox exh.fr