UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. COX, | No. 2:04-cv-00065-MCE-CKD |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN, San Quentin State Prison, | |
| Respondent. | |

Petitioner Michael A. Cox ("Petitioner"), a state prisoner proceeding with counsel, filed an application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1996). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C) and E.D. Cal. R. 302.

On April 25, 2012, the Magistrate Judge filed Findings and Recommendations which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. (Findings and Recommendations ("F&R"), April 25, 2012, ECF No. 114.) Petitioner filed Objections to the Findings and Recommendations. (Objections to Findings and Recommendations ("Objections"), May 15, 2012, ECF No. 115.) Respondent filed a Reply to the Objections. (Reply, May 22, 2012, ECF No. 116.)

///

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 12, 2012 (ECF No. 114), are ADOPTED in full;

2. With respect to the claims respondent challenges as unexhausted, the court holds as follows:

   a. Claim 1 is exhausted.

   b. The Eighth Amendment aspect of claim 22, including the argument that the polygraph reference violated petitioner's right to a non-arbitrary penalty determination, is not exhausted. To the extent petitioner's argument in claim 22 regarding his right to a proper application of state evidentiary rules fundamentally differs from his argument of trial court error, it is unexhausted. In all other respects, claim 22 is exhausted.

   c. The Sixth and Eighth Amendment aspects of claim 23 are not exhausted. In all other respects, claim 23 is exhausted.

   d. The Sixth and Eighth Amendment aspects of claim 24 are not exhausted. In all other respects, claim 24 is exhausted.

   e. The Sixth and Eighth Amendment aspects of claim 25 are not exhausted. To the extent petitioner's argument in claim 25 regarding his right to a proper application of state evidentiary rules fundamentally differs from his argument of trial court error, it is unexhausted. In all other respects, claim 25 is exhausted.

   f. The Sixth and Eighth Amendment aspects of claim 26 are not exhausted. In all other respects, claim 26 is exhausted.

   g. The Sixth and Eighth Amendment aspects of claim 27 are not exhausted. In all other respects, claim 27 is exhausted.

      h.      The Sixth and Eighth Amendment aspects of claim 28, including arguments regarding petitioner's rights to confrontation and to a non-arbitrary verdict, are not exhausted.  To the extent petitioner's argument in claim 28 regarding his right to a proper application of state evidentiary rules fundamentally differs from his argument of trial court error, it is unexhausted.  In all other respects, claim 28 is exhausted.

      i.      The Eighth Amendment aspect and the argument that petitioner was arbitrarily deprived of a state law entitlement in claim 31 are not exhausted.  To the extent petitioner's argument in claim 31 regarding his right to trial by jury differs fundamentally from his Due Process and Confrontation Clause arguments, it is unexhausted. In all other respects, claim 31 is exhausted.

      j.      The Fifth and Sixth Amendment aspects of claim 32 are not exhausted.  In all other respects, claim 32 is exhausted.

      k.      Claim 33 is exhausted.

      l.      Claim 34 is exhausted.

      m.      The argument in claim 35 that petitioner was arbitrarily deprived of a state law entitlement is not exhausted. In all other respects, claim 35 is exhausted.

      n.      The argument in claim 39 that petitioner was arbitrarily deprived of a state law entitlement is not exhausted. In all other respects, claim 39 is exhausted.

      o.      As currently stated, claim 49 is not exhausted. If petitioner deletes the reference to claim 31 in claim 49, this court would find claim 49 exhausted.

Dated:  November 19, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT