UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. COX, | No. 2:04-CV-0065 MCE CKD |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

In April 2012 Findings and Recommendations, the undersigned identified unexhausted issues in the petition. (ECF No. 114.) In November 2013, Chief Judge England adopted the Findings and Recommendations in full. (ECF No. 118.) At a February status conference, petitioner informed the court that he was withdrawing the unexhausted claims from the petition. (See ECF No. 127.) Respondent was then directed to identify the unexhausted portions of the petition by providing an interlineated copy. (Id.) He has done so. (ECF No. 129.) In objections filed earlier this month, petitioner disagrees with some of the portions identified by respondent as unexhausted. (ECF No. 131.) As directed by the court, respondent filed a response to those objections. (ECF No. 133.) The purpose of this order is to finalize the identification of the unexhausted portions of the petition.

////

////

1

First, petitioner objects to the excision of the phrase "proper application of state evidentiary rules" from claims 22, 25, 26, 27, and 28.[1]  The court found that the phrase lacked clarity but may be exhausted.  With respect to claims 22, 25, and 28 the court held:  "To the extent the differences between the "proper application" argument and the argument in the state petition do not fundamentally differ, the 'proper application' argument is exhausted." (ECF No. 114 at 10-11.)  With respect to claims 26 and 27, the court held that all aspects of those claims except the 6th Amendment and 8th Amendment arguments are exhausted.  (Id. at 22.)  Because an argument about the "proper application of state evidentiary rules" does not appear to fall under the 6th or 8th Amendment, it was held exhausted.  When discussing the lack of clarity in this phrase, the court made clear that petitioner is limited to the legal arguments he made in state court.  If petitioner strays from these arguments, the court has no doubt respondent will point that out during briefing on the application of 28 U.S.C. § 2254(d) to petitioner's claims.

Second, petitioner objects to the excision of "to trial by jury" and "an arbitrary deprivation of a state law entitlement in violation of the federal constitutional right to due process" in claim 31.  The court held the phrase "to trial by jury" was exhausted so long as it does not "differ[] fundamentally from his Due Process and Confrontation Clause arguments."  (ECF No. 114 at 22.)  It may remain in the petition.  With respect to the "arbitrary deprivation" argument, this court specifically held it was unexhausted and it should be excised.  (Id. at 13:7-15; 22.)

Finally, petitioner objects to the excision of the phrase "the right to a guided, specific list of aggravating factors and the exclusion of arbitrary non-statutory factors as a basis for the death sentence – in violation of the Eighth and Fourteenth Amendments."  This court found unexhausted petitioner's argument in claim 35 that he was arbitrarily deprived of a state law entitlement. (ECF No. 114 at 17:19-26.)  The sentence from which this phrase is taken states:

> The use of these improper inferences and considerations in determining [the] sentence also represented an arbitrary and prejudicial deprivation of a state law entitlement -- the right to a guided, specific list of aggravating factors and the exclusion of

---

[1] Respondent responds to many of petitioner's objections by rearguing exhaustion. The time for doing so has passed. The only issue at this juncture is identifying just what this court found unexhausted in the Findings and Recommendations.

> arbitrary non-statutory factors as a basis for the death sentence -- in violation of the Eighth and Fourteenth Amendments.

(ECF No. 32-1 at 137:20-24.) It is clear that the excised phrase describes arguments regarding the state law entitlement issue. Because the state law entitlement issue was found unexhausted, the entire sentence is appropriately excised from the petition.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The interlineations identified by respondent in his March 18, 2014 Statement are appropriate except as identified herein.

2. Within sixty days of the filed date of this order, petitioner shall file a final copy of the petition to avoid any future confusion. The withdrawn, excised portions may be removed or may simply be interlineated. Because the court recognizes that petitioner's counsel is currently unavailable, requests for extensions of this deadline may be brief.

Dated: April 22, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

cox exh.or2