UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. COX, | No. 2:04-CV-0065 MCE CKD |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

Petitioner requests that the April 15, 2015 declaration of investigator Dorothy Ballew, submitted in support of petitioner's pending motion to perpetuate testimony, be filed under seal.[1] Petitioner argues sealing is justified because the declaration contains private medical information of non-parties. Petitioner relies primarily upon the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Respondent opposes the request because the medical information contained in the declaration does not amount to "medical records" under HIPPA.

Ms. Ballew's declaration describes her conversations regarding the medical condition of a mitigation witness and a juror.[2] While there is a presumption of public access to judicial records,

---

[1] Pursuant to Local Rule 141, petitioner's request, respondent's opposition, and petitioner's reply have all been submitted by e-mail. They will be ordered filed under seal.

[2] Ms. Ballew's declaration also describes learning of the death of juror Diane Conen. Petitioner has included Ms. Conen's obituary as a publicly-filed exhibit to his motion so the court assumes petitioner does not seek to keep this information confidential. (ECF No. 146-10.) It is noted,

1

this presumption may be overcome by a showing of a "real and substantial" privacy interest. Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey, 663 F.3d 1124, 1135-36 (10th Cir. 2011). Under Federal Rule of Civil Procedure 26(c)(1), the court may, upon a showing of good cause, enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See Kamakana v. Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (party must show good cause to justify sealing information relating to a non-dispositive matter). A non-party's medical information is certainly the sort of private information that may be entitled to protection. Eugene S., 663 F.3d at 1135-36 (sealing documents that included "the name of, and/or personal and private medical information" of a non-party).

In the present case, the court finds the public interest in the medical information of the non-parties described in petitioner's submitted declaration is minimal.[3] While the declaration does not contain medical records, it contains a report of statements, or what amounts to statements, by persons with knowledge of these non-parties' medical history. The court finds good cause to seal Ms. Ballew's declaration.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to file under seal the following documents: petitioner's April 15, 2015 Request to Seal; respondent's April 24, 2015 Opposition; and petitioner's April 27, 2015 Reply.

/////
/////
/////

---

however, that petitioner does not list Ms. Conen as one of the parties whose testimony he seeks to preserve.

[3] In fact, the public interest is essentially non-existent at this point because neither of the non-parties described in Ms. Ballew's declaration appears to be included in petitioner's motion to perpetuate testimony. The court is therefore puzzled by the inclusion of Ms. Ballew's declaration with petitioner's motion. The court notes that should petitioner seek to perpetuate the testimony of any of the three people mentioned in Ms. Ballew's declaration, the identity, though not the medical information, of those people should be identified in a public filing.

2. The Clerk is also directed to file under seal the April 15, 2015 Declaration of Dorothy Ballew.

Dated: May 5, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Cox mtn to perp decl seal.or