1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL A. COX,                          No.  2:04-CV-0065 MCE CKD

12                  Petitioner,               DEATH PENALTY CASE

13          v.

14   WARDEN, San Quentin State Prison,        ORDER

15                  Respondent.

16

17         On May 27, 2015, the undersigned heard argument on petitioner's motions to perpetuate

18   the testimony of five social history witnesses, two jurors, and trial expert Dr. Albert Globus.

19   (ECF Nos. 143, 146.)  Lissa Gardner and Lindsay Bennett appeared for petitioner. Todd Marshall

20   appeared for respondent. After considering the parties' briefs and the arguments of counsel, the

21   court finds and orders as follows.

22         A court may permit the preservation of testimony by deposition upon a showing that the

23   testimony is material to a party's claims and there is a risk that the testimony may be permanently

24   lost if the party is required to wait through the normal course of litigation.  See Fed. R. Civ. P.

25   27(a); Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995)

26   (permitting deposition of elderly witnesses to preserve testimony).  Petitioner demonstrates that

27   the witnesses' expected testimony is material to his claims of ineffective assistance of counsel

28   and/or juror misconduct and is not cumulative of other possible testimony.  Cf. In re Bay County

1   Middlegrounds Landfill Site, 171 F.3d 1044, 1046-47 (6th Cir. 1999) ("Evidence that throws a

2   different, greater, or additional light on a key issue might well 'prevent a failure or delay of

3   justice.'").  With respect to all witnesses except Ms. Giardina, petitioner also demonstrates that

4   their testimony may become unavailable if it is not obtained soon.  See Penn Mutual, 68 F.3d at

5   1375.

6           Respondent has not established that permitting the perpetuation of testimony at this stage

7   of the proceedings is inappropriate.  Cf. Cullen v. Pinholster, 118 S. Ct. 1388, 1411 n. 20 ("[W]e

8   need not decide . . . whether a district court may ever choose to hold an evidentiary hearing before

9   it determines that § 2254(d) has been satisfied.")  Nor has respondent established that resolution

10   of the merits of petitioner's claims or their procedural issues is a necessary precursor to

11   permitting the perpetuation of testimony.  Finally, it should be noted that by permitting the

12   perpetuation of testimony at this point, this court is making no decision about the admissibility of

13   each witnesses' testimony in any evidentiary proceeding.

14           Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

15       1. Petitioner's March 13, 2015 Motion to Perpetuate the Testimony of Dr. Albert Globus

16           (ECF No. 143) is granted.

17       2. Petitioner's April 15, 2015 Motion to Introduce Declarations in Lieu of Testimony

18           and/or to Perpetuate Testimony (ECF No. 146) is granted with respect to witnesses

19           Marjorie Comer, Joanne Wells, Shirley Garrett, Timothy Jayne, Fairman Jayne, and

20           David Kurtzman.  The motion is denied with respect to witness Marijo Giardina.

21           Within thirty days of the filed date of this order, the parties shall meet and confer

22           regarding the method for taking the testimony of these witnesses.

23   Dated:  May 28, 2015

24                                                   _____

25                                                   CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE

26

27

28   cox mtn to perp.or