UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY COX,<br><br>            Petitioner,<br><br>     v.<br><br>WARDEN, San Quentin State Prison,<br><br>            Respondent. | No.  2:04-cv-00065-MCE-CKD<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

On May 27, 2015, the assigned Magistrate Judge held a hearing on Petitioner's motions to perpetuate the testimony of eight witnesses (ECF Nos. 143, 146).  The following day, the Magistrate Judge granted Petitioner's motions with respect to seven of those witnesses.  ECF No. 157.  On June 26, 2015, Respondent filed a Request for Reconsideration of the Magistrate Judge's Order.  ECF No. 160.  Petitioner filed an Opposition (ECF No. 162) on July 6, 2015.[1]  For the reasons that follow, Respondent's Request is DENIED.

First, Respondent seeks reconsideration of the Magistrate Judge's ruling pursuant to Local Rule 303.  See Request, ECF No. 160, at 1 (citing Local Rule 303).  Respondent's Request, however, is untimely under Local Rule 303(b), which provides:

---

[1] Respondent did not file a reply to Petitioner's Opposition.  Because more than seven days have passed since Petitioner filed his Opposition, any reply would be untimely, and Respondent's Request for Reconsideration is deemed submitted.  See E.D. Cal. Local R. 230(l).

1

> Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties, unless a different time is prescribed by the Magistrate Judge or the Judge.

Because Respondent did not file his Request for Reconsideration until nearly a month after the Magistrate Judge's Order, and because that Order did not prescribe more than fourteen days to file for reconsideration, the Request is untimely under Local Rule 303.

Second, even if Respondent had timely filed the pending Request, Respondent has not demonstrated that the Magistrate Judge's Order was clearly erroneous or contrary to law.  See Local Rule 303(f).  According to Respondent:

> [A] court must at least consider the AEDPA restrictions when determining whether to permit the parties to depose prospective witnesses for the purpose of preserving their testimony for future use at an evidentiary hearing, just as a court must consider the AEDPA restrictions when determining whether to conduct an evidentiary hearing at all.

Request at 1.  But the Magistrate Judge expressly found to the contrary and explained that "Respondent ha[d] not established that permitting the perpetuation of testimony at this stage of the proceedings is inappropriate."  ECF No. 159 at 2.  Following that finding was a citation to Cullen v. Pinholster, 131 S. Ct. 1388, 1411 n.20 (2011), in which the Supreme Court noted "we need not decide . . . whether a district court may ever choose to hold an evidentiary hearing before it determines that [28 U.S.C.] § 2254(d) has been satisfied."  Respondent's fourteen-page Request fails to identify any authority that requires the Court to determine whether Petitioner must satisfy § 2254(d) before the Court may permit the perpetuation of testimony or hold an evidentiary hearing.

///
///
///
///
///
///

1 | Accordingly, Respondent's Request for Reconsideration (ECF No. 160) is
2 | DENIED.
3 | IT IS SO ORDERED.
4 | Dated: July 28, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT