UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. COX, | No. 2:04-CV-0065 MCE CKD |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

Earlier this year, this court granted petitioner's request to perpetuate the testimony of seven witnesses – Dr. Albert Globus, five social history witnesses, and Juror David Kurtzman. (ECF Nos. 157, 163.) Respondent moves for discovery prior to taking the witnesses' testimony. (ECF No. 172.) The parties previously stipulated to, and the court issued, a protective order to cover this discovery. (ECF No. 171.)

Respondent seeks all defense files from petitioner's trial attorneys; all documentation regarding Dr. Globus's involvement in petitioner's case; all materials relied upon or generated by Drs. Khazanov and Victoroff, experts retained by habeas counsel; all information gathered regarding the preparation of Juror Kurtzman's and the social history witnesses' declarations; and identifying information for those witnesses. Respondent argues that these documents are necessary to permit him to cross-examine Dr. Globus and to determine whether depositions of the remaining witnesses are necessary or whether respondent will be willing to stipulate to their

declarations as their testimony.  Petitioner opposes respondent's motion.  (ECF No. 177.)  Respondent did not file a reply.

The parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6, Rules Governing §2254 Cases.  Good cause is shown by the presentation of "specific allegations" demonstrating the need for the discovery.  Cf., Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

This court agrees with respondent that in this unusual situation where petitioner is permitted to perpetuate testimony, discovery prior to taking that testimony may be appropriate. That said, respondent fails to demonstrate any specific need for much of the discovery sought. Not only is specificity required to establish good cause under Rule 6, it is a necessity to discover the protected documents sought here.

All of the documents respondent seeks are covered by either the attorney/client privilege, the psychotherapist/patient privilege, or attorney work product protections.  Respondent states simply that because petitioner has raised ineffective assistance of counsel claims, "there is no ethical or privilege problems raised by" his request for production of documents from petitioner's trial counsel's files.  (ECF No. 172 at 5.)  Similarly, he posits that "there are no ethical or privilege impediments to disclosing" information from mental health professionals because petitioner has placed his mental and physical state at issue.  (Id. at 6.)   Respondent oversimplifies the law.

The Ninth Circuit Court of Appeals examined the extent of the privilege waiver by a habeas petitioner who raised claims of ineffective assistance of counsel.  In Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), the court held that such a waiver must be "narrowly tailored." Petitioner waives his privileges and protections only "to the extent necessary to give [his] opponent a fair opportunity to defend against" his ineffective assistance of counsel claims.  Id. at 720; see United States v. Garcia, 2010 WL 144860, *5 (E.D. Cal. Jan. 11, 2010) (court limits

waiver to specific ineffective assistance of counsel issues raised by the petitioner).  In the present case, the waiver should also be limited by its purpose.  Respondent may not seek discovery to defend against petitioner's claims in their entirety.  Rather, at this juncture it is appropriate for respondent to discover only what is necessary to permit him to cross-examine petitioner's witnesses.  With these limitations in mind, each item of discovery sought is addressed below.

First, respondent's request for everything in trial counsel's files lacks specificity.  Respondent makes no attempt to show why, at this point, he requires all of these documents.  Respondent has failed to establish good cause to discover petitioner's trial counsel's entire files.

Second, while respondent's requests with respect to Dr. Globus lack specificity, this court finds that good cause for some of the requests is evident.  Petitioner makes numerous allegations that his trial attorneys were ineffective at the penalty phase for conduct involving Dr. Globus.  Among other things, petitioner alleges:  (1) counsel failed to provide Dr. Globus with "necessary reports, records, declarations, and access to witnesses," with "reliable and accurate information from mental health care professionals," and records concerning a head injury petitioner suffered; (2) counsel failed to conduct additional investigations as indicated by Dr. Globus;  (3) counsel failed to give Dr. Globus access to petitioner's siblings and others who could have detailed petitioner's childhood, which included sexual and physical abuse by his step-father, multi-generational substance abuse, and addiction; (4) counsel failed to provide Dr. Globus with medical records of EEGs performed when petitioner was a child that showed abnormal results; and (5) counsel failed to follow up on Dr. Globus's recommendations that they retain a clinician capable of performing a competent neuropsychological exam, that they order further brain wave testing after a 1985 EEG showed abnormal results, and that they provide thorough background information.  Petitioner argues that if Dr. Globus had been adequately prepared, his penalty phase testimony would have provided substantially greater mitigating evidence.  (ECF No. 138-1 at 153-247.)  Dr. Globus's communications with counsel are unquestionably important to his claims that counsel acted unreasonably and Dr. Globus's professional conclusions are relevant to his claims that counsel's conduct prejudiced him.

////

Accordingly, the court finds good cause for respondent's request for the following discovery regarding Dr. Globus:

> 2. All communications, whether oral or written between Dr. Globus and Petitioner's defense team (Forester and Tapson).
>
> 3. All communications between Dr. Globus and any person (including Petitioner, lay witnesses, expert witnesses, trial or appellate and habeas counsel) related to this case. Including but not limited to all information gleaned whether oral or written from the interviews with Petitioner.
>
> 4. All notes, raw data, test results, and other material relied upon or generated by Dr. Globus in preparation for trial. Including but not limited to Dr. Globus's entire file on this case through to the present.
>
> 5. All notes, raw data, test results, and other material relied upon by Dr. Globus in preparation of his 2005 declaration.

Respondent also requests "[a]ny material reviewed or relied upon by Dr. Globus since his 2005 declaration." Presumably, respondent meant to limit this request to any material "regarding this case." With that limitation, the court finds good cause for the request.

Third, respondent requests "[a]ny material, notes, test data, reports, and interviews relied upon" by Drs. Natasha Khazanov and Jeff Victoroff "in this case." Respondent's only basis for this request is his statement that Dr. Globus agrees with the conclusions made by these two doctors retained by habeas counsel. Given the limited waiver of petitioner's privileges and protections, respondent's simple request is insufficient to establish good cause for this discovery.

Fourth, respondent's request 9 for "any and all correspondence or communication whether oral or written between Dr. Globus and any other expert witness" is already covered by request 3 described above.

Fifth, respondent requests information regarding the preparation of the declarations of the social history witnesses and of Juror Kurtzman. Respondent does not explain how this information regarding the work of habeas counsel would relate to petitioner's claims of ineffective assistance of his trial counsel. Respondent states that he requires this information to determine whether he will stipulate to the use of the declarations in lieu of live testimony. The court finds that reason insufficient to justify breaching the protections afforded petitioner's

attorneys' work product.

For the foregoing reasons, and good cause appearing, respondent's October 20, 2015 Motion for Leave to Conduct Discovery (ECF No. 172) is GRANTED IN PART AND DENIED IN PART. Within 30 days of the filed date of this order, respondent shall propound the authorized discovery requests.

IT IS SO ORDERED.

Dated:  December 18, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Cox r. disco.or